LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
VICTORIA MAYDANIK (No. 255788)
The Fuller Law Firm, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Tel: (408) 295-5595
Fax: (408)295-9852

Attorneys for Debtor(s)

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>SASAN AFNANI<br><br>              Debtor | Case No.: 10-54931-SLJ<br><br>CHAPTER 13<br><br>**MOTION TO VALUE COLLATERAL FOR THE PURPOSE OF VOIDING LIEN**<br><br>Date:     November 18, 2010<br>Time:    2:00 p.m.<br>Location: Courtroom 3099<br>            280 S. First Street<br>            San Jose, CA 95113<br>Judge:   Hon. Stephen L. Johnson |

COMES NOW Debtor SASAN AFNANI, by and through The Fuller Law Firm, P.C., his attorneys of record, and moves the Court to value the collateral of JP MORGAN CHASE BANK, N.A. for the purpose of voiding its lien on the Debtor's property on the basis that such lien is wholly unsecured. In support of this motion, Debtor states the following:

    1.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334(a).

2. Debtor commenced Case No. 10-54931-RLE by filing a voluntary petition under Chapter 13 in the United States Bankruptcy Court for the Northern District of California, San Jose Division on May 12, 2010.

3. Debtor's plan is not yet confirmed.

4. Debtor is informed and believes that JP MORGAN CHASE BANK, N.A. engages in the business of home loan financing and servicing, and does business throughout the United States and in this District.

5. The assets of Debtor SASAN AFNANI include real property jointly owned with wife NASIM AFNANI, commonly known as 4918 Paseo Tranquillo, San Jose, CA 95118 [hereinafter "Property"]. The A.P.N. of the Property is 569-53-015. The Property is more particularly described as:

> LOT 15, AS SHOWN ON THAT CERTAIN MAP ENTITLED, "TRACT NO. 6855", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, ON JUNE 26, 1980 IN BOOK 465 OF MAPS, PAGES 46 AND 47.

6. On or about April 29, 2004, SASAN AFNANI executed a Note in favor of The First Federal Bank of California (hereinafter "1st Note") secured by a deed of trust (hereinafter "1st Trust Deed") recorded against the Property on May 5, 2004 as Document No. 17764332 in the Official Records of Santa Clara County. The original amount of the 1st Note in favor of The First Federal Bank of California was $352,000.00.

7. Although The First Federal Bank of California has yet to file a claim on the 1st Note, Debtor is informed by his bank statements and on that basis believes that the 1st Note had a balance, as of the filing of the petition, of approximately $392,905.88.

8. On or about May 13, 2004, SASAN AFNANI executed a Note in favor of Bank One, National Association (hereinafter "2nd Note") secured by a deed of trust (hereinafter "2nd Trust Deed") recorded against the Property on June 2, 2004 as Document No. 17823962 in the Official Records of Santa Clara County. The original amount of the 2nd Note in favor of Bank One National Association was $89,000.00.

9. Debtor is informed by his bank statements and on that basis believes that sometime thereafter, the 2nd Note was assigned to JP Morgan Chase Bank, N.A.

10. Although JP Morgan Chase Bank, N.A. has yet to file a claim on the 2nd Note, Debtor is informed by his bank statements and on that basis believes that the 2nd Note had a balance, as of the filing of the petition, of approximately $93,507.00.

11. At the time of the filing of the petition, the Property was encumbered as follows:

| | |
|---|---|
| 1st Trust Deed – The First Federal Bank of California | $ 392,905.88 |
| 2nd Trust Deed – JP Morgan Chase Bank, N.A. | $ 93,507.00 |
| Total | **$ 486,412.88** |

12. Debtor believes that the value of the Property was $373,932.00 in May of 2010, the month when the petition was filed. The value has stayed the same.

13. Accordingly, any claim by JP Morgan Chase Bank, N.A. for repayment of its 2nd Note secured by a 2nd Trust Deed on the Property is a wholly unsecured claim because the balance owed on the 1st Note is greater than the value of the Property at the time of the filing of the petition.

14. NASIM AFNANI, Debtor's non-filing spouse and co-owner of the Property, has filed her own Chapter 13 petition and in that petition will also move to value the Property for the purpose of avoiding the 2nd Trust Deed. Debtor files this motion with the understanding that

the lien may not be avoidable if Nasim Afnani does not file such motion or if Nasim Afnani's motion is not successful.

WHEREFORE, Debtor SASAN AFNANI prays for an order:

1. Valuing the Property at $373,932.00 for the purpose of this motion and valuing the collateral securing JP Morgan Chase Bank, N.A.'s lien at zero so that Debtor may, if otherwise eligible, obtain a final judgment after entry of discharge or, if no discharge, completion of the plan, consistent with the Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases;

2. and for such other and further relief as is just and equitable.

Dated: October 18, 2010          Respectfully submitted,

THE FULLER LAW FIRM, P.C.

/s/ *Victoria Y. Maydanik*
VICTORIA Y. MAYDANIK
Attorney for Debtor